IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 4:22-cr-00738-JD |
| v. | **PLEA AGREEMENT** |
| **TROY BENJAMIN BITTNER** | |

### General Provisions

This PLEA AGREEMENT is made this 31st day of July, 2023, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorney Lauren L. Hummel, the Defendant, **TROY BENJAMIN BITTNER**, and Defendant's attorney, Michael Meetze.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment and plead guilty to Counts One and Two of an Information charging (1) willfully filing a false tax return in violation of Title 26, United States Code Section 7206(1); and (2) wire fraud in violation of Title 18, United States Code, Section 1343.

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1**
*(Wire Fraud – 18 U.S.C. § 1343)*

A. The Defendant knowingly devised or knowingly participated in a scheme or artifice to defraud and to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises as detailed in the Information;

B. The Defendant did so with the intent to defraud; and

    C.    In advancing, or furthering, or carrying out this scheme to defraud and to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The possible penalties for this offense are:

Imprisonment for **not more than 20 years** (18 U.S.C. § 1343)
Fine of **$250,000 or the greater of twice the gross gain or gross loss of the offense** (18 U.S.C. § 3571)
Supervised Release of **not more than 3 years** (18 U.S.C. §§ 3583, 3559)
Special Assessment of **$100** (18 U.S.C. § 3013)

### Count 2
*(Filing a False Return – 26 U.S.C. § 7206(1))*

    A.    The Defendant made, or caused to be made, and signed a tax return for the year in question containing a written declaration;

    B.    The tax return was made under the penalties of perjury;

    C.    The Defendant did not believe the return to be true and correct as to every material matter; and

    D.    The Defendant acted willfully.

The possible penalties for this offense are:

Imprisonment for **not more than 3 years** (26 U.S.C. § 7206)
Fine of **$100,000, plus the costs of prosecution** (26 U.S.C. § 7206)
Supervised Release of **not more than one year** (18 U.S.C. §§ 3583, 3559)
Special Assessment of **$100** (18 U.S.C. § 3013)

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance

with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

- A.  Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he/she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

- B.  Restitution as to Count 1: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

- C.  Restitution as to Count 2: Defendant also agrees to pay restitution to the IRS in the total amount as noted in the below table:

|  | 2020 | 2021 | Total |
| --- | --- | --- | --- |
| Omitted Income | $45,013 | $783,503 | $828,516 |
| Additional Tax Due and Owing | $11,041 | $270,686 | **$281,727** |

The Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct. Defendant agrees to pay interest on the restitution amount pursuant to 18 U.S.C. § 3663(a);

interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

Defendant understands that Defendant is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

If Defendant makes a payment of restitution prior to sentencing, the payment will be applied as a credit against the ordered restitution amount.

Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Defendant will provide the following information:

A. Defendant's name and Social Security number;
B. The District Court and the docket number assigned to this case;
C. Tax year(s) or period(s) for which restitution has been ordered; and
D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

D.     Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss any indictments under this number at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he/she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed

that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    A.    the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

    B.    all additional charges known to the Government may be filed in the appropriate district;

    C.    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    D.    the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

6. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    A.    known to the Government prior to the date of this Agreement;

    B.    concerning the existence of prior convictions and sentences;

    C.    in a prosecution for perjury or giving a false statement;

D.      in the event the Defendant breaches any of the terms of the Plea Agreement; or

E.      used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any state of the criminal prosecution (including bail, trial, and sentencing).

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) **or** Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his/her plea.

9. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. The Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Information, and any forfeiture Bill of Particulars. The assets to be forfeited specifically include, but are not limited to,

A.      <u>Cash Proceeds/Forfeiture Judgment</u>:

A sum of money equal to all property the Defendant obtained as a result of the wire fraud offenses charged in this Information, and all interest and proceeds traceable thereto as a result of his violation of 18 U.S.C. § 1343.

With regard to each and every asset listed in the Information or seized in a related investigation or administrative, state, or local action, the Defendant stipulates and agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his/her

cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

10. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

## Merger and Other Provisions

11. The Defendant represents to the court that he/she has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his/her attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his/her own behalf, or to remain silent and have no adverse inferences drawn from his/her silence;

and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

12. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

13. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement

may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

7-31-23
Date

TROY BENJAMIN BITTNER,
**DEFENDANT**

7/31/23
Date

MICHAEL MEETZE (signed for Michael A. Meetze)

ATTORNEY FOR THE DEFENDANT

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

7/31/23
Date

LAUREN L. HUMMEL
ASSISTANT UNITED STATES ATTORNEY