UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No.: 4:22CR00738-JD |
| | ) | |
| vs. | ) | **AMENDED MOTION FOR** |
| | ) | **DOWNWARD VARIANCE** |
| **TROY BENJAMIN BITTNER** | ) | |
| Defendant. | ) | |
| _____ | ) | |

　　　　Since 2005 the Federal Sentencing Guidelines have been advisory. It may be obvious to point out that the word "advisory" means having the power to advise or containing or giving advice. It may be equally obvious to note that each district court has to determine how much or how little advice to take from the guidelines in a given case. No matter what the guidelines may provide for a given defendant in a given case, 18 U.S.C. § 3553(a) sets forth all of the factors for the district court to consider in imposing a sentence. The advisory sentencing guidelines are but one factor for the district court to consider.

　　　　Mr. Bittner's advisory sentencing guideline range is (46-57) months which is comprised of a total advisory offense level of 23 and a criminal history category of I. Mr. Bittner's total advisory offense level of 23 results from losing credit for acceptance of responsibility as outlined in paragraph 46 of the revised presentence report.

　　　　Mr. Bittner, through counsel, is moving for a downward variance from the above advisory guideline range.

I.     **The Court Should Give Mr. Bittner Credit For Accepting Responsibility:**

It is an unfortunate fact that Mr. Bittner has a severe drug problem. Throughout the pendency of this case, Mr. Bittner has tested positive for illegal drugs numerous times and has had his bond revoked twice. Fourth Circuit case law permits the court to deny a defendant credit for acceptance of responsibility for this type of conduct. Therefore, Mr. Bittner has not objected to this revision to his presentence report.

However, Mr. Bittner is asking for this Honorable Court to give him credit for acceptance of responsibility for the following reasons. First, Mr. Bittner pleaded guilty early on which allowed the government to avoid spending any resources preparing for trial. Mr. Bittner gave up his constitutional right to have a jury trial. It is impossible to place a value on our Constitutional rights. One way to put a guilty plea in perspective is to recognize that the court did not have to summon a jury panel. Years ago, the clerk's office informed defense counsel that summoning a jury panel cost about $10,000. This amount of money equates to two-levels in the loss provisions of § 2D2.1. Second, during all of the trials and tribulations Mr. Bittner went through where he was trying to participate in the drug program, he never stole anything. Despite sinking into the depths of addiction, being nearly destitute, and suffering emotional and physical abuse by a man who started a relationship with Mr. Bittner as a ploy to take advantage of him, he never stole.

For these reasons, Mr. Bittner is asking this Court to restore the three-levels of acceptance of responsibility he lost by way of a downward variance motion.

II.     **Other Reasons For A Downward Variance:**

Before anything else is communicated, Mr. Bittner must acknowledge that he committed serious criminal conduct which resulted in significant loss. Mr. Bittner is consumed with shame, guilt, and remorse as a result of his criminal conduct. There are mitigating factors pertaining to

the wire fraud offense which defense counsel will touch on and which Mr. Bittner can explain more fully at his sentencing hearing such as:

Troy Bittner is now 55 years old. He grew up in a loving home with a stable environment. Disadvantages during one's formative years often seen in the backgrounds of other criminal defendants are not present in Mr. Bittner's case.

There was no abuse in the home, and there was no substance abuse in the home. He had a close relationship with his family growing up. His mother remains his best friend. His father died from brain cancer in 2009.

Troy's biggest difficulty growing up was coming to terms with being gay in the rural community where he lived.

Troy is a highly educated with an undergraduate degree and multiple master's degrees. He is a skilled pianist and has a master's degree in classical piano.

Troy was successful in his professional career which has primarily been in the resort management industry.

One of the biggest influences on Troy was his parents serving as foster parents for so many children. All of this is detailed in Troy's presentence report. As a result of Troy's parents helping raise other children, Troy developed a love of caring for others and helping others out in times of need. As Troy became more successful in his profession, he was able to do more for people.

We humans tend to engage in pleasure seeking activity. If an experience is pleasurable for us, we like to repeat it. Troy derived a great deal of pleasure out of helping others.

By the time Troy moved to Myrtle Beach he was pretty well off financially. However, his marriage was either falling apart or over, and he was working long hours to succeed in his new employment. Troy depleted all his personal assets helping other people out. At the same time,

what had been casual drug use, or a problem previously reared its head again. Troy began using methamphetamine on a daily basis.

As Troy depleted all his personal resources and as drug use clouded his judgment, he began to steal from his employer in order to continue to help others. While there was a self-serving element to this, because Troy liked the way others held him in regard, Troy could not bear to quit helping others. It was almost like an addiction. Out of all the money Troy took, he spent very little on himself. A portion of what he did spend on himself was for drugs. A sad truth to the whole story is that some, perhaps many, of the folks Troy helped were not really deserving people. This was also part of the poor judgment he displayed.

Troy has nothing to show for his crimes except a lifelong addiction to drugs, permanent indebtedness to his mother who is paying all of his bills right now, and the oppressive shame of what he has done.

## CONCLUSION

Based on the foregoing, Mr. Bittner is respectfully asking this Honorable Court to vary downwardly and not impose a sentence of incarceration. In the alternative, Mr. Bittner is asking for as much leniency as possible from this Court, and finally that the Court impose a sentence no worse that the low end of the range of (33-41) months. This range is made up an offense level of 20 and category I. This is the range Mr. Bittner would be at if the Court gives him full credit for acceptance of responsibility.

[*Signature Page to Follow*]

Respectfully submitted,

/s/ Michael A. Meetze
Michael A. Meetze
Assistant Federal Public Defender
McMillan Federal Building
401 W. Evans Street, Suite # 105
Florence, South Carolina 29501
Phone: (843) 662-1510
**Attorney ID #6662**

Florence, South Carolina

November 19, 2024

5